**SANDERS, Appellant, v. FLECKNER et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4428. Decided August 23, 1950.

Fred G. Reiners, Cincinnati, Leonard J. Stern, Columbus, Kane, Kennedy, Brant & Morris, Richard A. Morris and Phillip J. Kennedy, of Counsel, Cincinnati, for appellant.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for appellees.

# 136

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court sustaining an order of the Board of Liquor Control of Ohio revoking a D-5 liquor permit theretofore issued to the appellant.

The Board of Liquor Control predicated its order upon a finding of the truth of the charges against the permittee that he did not own or operate or conduct a restaurant in the place where the business was conducted and that he was not the owner of the business authorized by the permit issued to him by the Ohio Department of Liquor Control.

Upon the first presentation of this appeal to the Common Pleas Court the judge considered and determined the appeal as upon de novo hearing and made separate findings of fact and conclusions of law. Thereafter and before the judgment entry in the Common Pleas Court the Supreme Court had released its opinion in **Farrand v. State Medical Board, 151 Oh St 222,** whereupon the court reconsidered the appeal as upon questions of law only.

A stipulation is filed in this court to the effect that the record here shall consist of the narrative bill of exceptions, the transcript of testimony taken and the exhibits received by the Board of Liquor Control in cause No. 9963 before said Board, the docket and journal entry in cause No. 174,699 of the Court of Common Pleas of Franklin County, Ohio, and the original papers filed in said cause. This stipulation is signed by all counsel for the parties and allowed by the judge of the Common Pleas Court who heard the appeal.

Six errors are assigned which we will state as we consider them. The first assignment of error is that the finding and order of the Board of Liquor Control are contrary to law, contrary to and not sustained by the weight of the evidence.

It is insisted by the appellant that the burden of establishing the charges against the permittee is by clear and convincing proof. It is our opinion that the Board must sustain the proof by a preponderance of evidence only.

We have carefully read all of the rather voluminous transcript of the evidence taken before the Board and are impressed that the cause for hearing was well and carefully presented, that the testimony received was competent and that rejected was properly refused. We shall not discuss the determinative question at length other than to say there is ample support for the conclusion of the Board that the permittee was not the bona fide owner of the premises, the

equipment, the kitchen and the business at the place where the Sanders Cafe was conducted.

The facts and circumstances surrounding the transactions by which the permittee claimed he came into ownership and control of the property the subject of the permit, were such as to support the conclusion of the Board, in its discretion, that the transactions were subterfuge and carried out with the purpose and intent that Sanders be given the indicia of title which would be an advantage in securing the permit. The Board had to draw its conclusions upon the probabilities and in the light of the equivocal and unrealistic testimony of the permittee upon matters vital to the acquisition of the property which he claimed to own and the management of the business, we cannot say that the Board was in error in resolving it against him. The written opinion of the Board in passing upon the citation shows an appreciation of the facts and the law controlling and full consideration of the determinative questions. The Board did not abuse its discretion in making the order which is the subject of the appeal.

The second and third assignments of error are that the Common Pleas Court erred in refusing to hear additional testimony offered by appellant on the appeal and in reducing the appeal from one on questions of law and fact to an appeal on questions of law only.

The trial judge in the light of Farrand v. State Medical Board, supra, could have made no order other or different than he did in the particulars challenged.

The fifth and sixth assignments of error are that the Court of Common Pleas erred in deleting certain language from the narrative bill of exceptions without notice to this appellant and without opportunity for hearing and that the court erred in overruling the motion of the appellant to correct the signed bill of exceptions by reinstating the language originally contained therein which was deleted by said Common Pleas Court. Granting all of the implications in the subject matter of these assignments of error they could not be held to be prejudicial to the appellant for the reason that under Farrand v. State Medical Board, supra, the Common Pleas judge had no right to consider or pass upon the subject matter which the narrative bill attempted to bring onto the record. The proffered testimony was not, in our judgment, newly discovered evidence in the Common Pleas Court.

Further, the assignments are not well made because it is not established that the narrative bill, the subject of the stipulation, was deleted in any particular by the trial judge nor that the subject matter through which a line has been

drawn by pen and ink was not in that form when the stipulation was drawn and signed and acknowledged by the trial judge. The basis of this assignment is not exemplified on the record.

The supplemental assignments of error present no new questions.

The fourth assignment of error is that the Court of Common Pleas erred in its finding and judgment affirming the order of the Department of Liquor Control. The consideration which we have given the other assignments requires us to say that the judgment of the Common Pleas Court was not erroneous and should be affirmed.

MILLER, PJ, and WISEMAN, J, concur.